IN THE UNITED STATES DISTRICT COURT
FOR MAINE DISTRICT 1

(Ms.) Tiger
    **Plaintiff,**
  v.
PAWS Animal Adoption Center
PAWS Animal Adoption Center Director Shelly Butler
PAWS Animal Adoption Center Manager Meghan Austin
Municipality of Rockport, Maine
PAWS Attorney Jon Liberman Bar No. 4176
PAWS Attorney Gregory Patient Bar No. 9943
Corporate Counsel for PAWS Attorney Rick J. Rubin
Acadia Insurance executive Ellen Bois
Acadia Insurance executive Estelle Cantanese
    **Defendants.**

---

### U. S. C. 1983  CIVIL RIGHTS COMPLAINT
### WITH REQUEST FOR TRIAL BY JURY

---

Plaintiff Ms. Tiger, acting Pro Se, claims violations of her constitutional rights to Due Process, against Malicious Prosecution and Deliberately Indifferent Polices, (under the 4th and 14th Amendments), plus the claims of Gross Negligence and Fraud against the above Defendants, and requests trial by jury, as follows:

### 1. INTRODUCTION

1. This is an action brought by Ms. Tiger regarding a situation which occurred with PAWS Animal Adoption Center, 123 John Street, Camden Maine 04843, to vindicate profound deprivations of her constitutional rights caused by their theft of, abuse of, hiding of, resale of, then decision to kill her pet Bloodhound 'Fabio'.

2. Plaintiffs Bloodhound Fabio got loose Feb 7, 2022 and was picked up by PAWS Animal Adoption Center, which collects stray animals in Mid-Coast Maine, acting in a government capacity. (Exhibit A.)  The next day, despite showing every possible type of documentation, PAWS refused to return Fabio to Plaintiff. At a meeting a week later Director Shelley Butler and Manager Meghan Austin bullied her, acting rude and belittling, vindictively refusing to return him. At this point PAWS Animal Adoption Center unlawfully took possession of Tiger's dog, and went on to cause intentional infliction of great emotional distress to him, and to her. They acted negligently, causing this gentle pet to suffer and become a three-time biter. PAWS then transferred Fabio to a kill shelter in Portland, hours away, in a malicious attempt to hide him from her, and without advising that shelter of Tigers ownership. PAWS did all this in an attempt to ensure that Plaintiff never saw her dog again. Indeed, it took eight months and thousands of dollars to find him. But Fabio was not the same dog, and went on to viciously attack Tiger, causing fear, ugly facial scars, and deep permanent scars on her hand and arm.

## II. JURISDICTION, VENUE and NOTICE

3. This action arises under the Constitution and laws of the United States (Article III Section 1 of the U. S. Constitution and is brought pursuant to 42 U. S. C. 1981, 1983 and 1988. The jurisdiction of this Court is invoked pursuant to 28 U. S. C. 1331, 1343, 2201.

4. This case is instituted in the United States Federal Court, (pursuant to 28 U. S. C. 1391) as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or residences.

## III. PARTIES

5. At all times relevant hereto, Plaintiff Ms. **Tiger**, who stays in Maine when organizing literary events, is a resident of Arkansas, and is a citizen of the United States of America.

6. At all time relevant hereto **Defendant PAWS Adoption Center** is a Maine nonprofit organization with contracts with the city of Rockport and Knox County to pick up and house stray animals. PAWS Animal Adoption Center, 123 John Street Camden Maine 04843 was acting under color of law in its government capacity to pick up and house stray animals in Knox county. Defendant PAWS Animal Adoption Center is sued in its official capacity.

7. Defendant PAWS Animal Adoption Center is properly sued directly under 42 U. S. C. 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practices, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

8. At all times relevant hereto **Defendant PAWS Director Shelly Butler** is a citizen of the United States and a resident of Maine and was acting under color of state law in her capacity as Director employed by PAWS Animal Adoption Center, 123 John Street, Camden Maine 04843. Defendant Shelly Butler is sued personally and in capacity as Executive Director.

9. As the Director of PAWS Adoption Center, Defendant Shelly Butler both exercised and delegated her final decision making power to the City of Rockport, and Knox County. On information and belief, she also trained and supervised individual employee Manager Meghan Austin, and all other employees.

10. At all times relevant hereto **Defendant PAWS Manager Meghan Austin** is a citizen of the United States and a resident of Maine and was acting under color of state law in her capacity as Shelter Manager employed by PAWS Animal Adoption Center, 123 John Street, Camden Maine 04843. Defendant Meghan Austin is sued personally and capacity as PAWS Manager.

11. As the Director of PAWS Adoption Center, Defendant Meghan Austin both exercised and delegated her final decision making power to the City of Rockport, and Knox County. On information and belief, she also trained and supervised individual PAWS employees.

12. **Defendant City Rockport Maine**, hereinafter 'Defendant City' is a Maine Municipal corporation and is the legal entity responsible for itself and for the PAWS Animal Adoption Center. The Defendant has a long-term government contract with the PAWS Animal Adoption Center to pick up stray dogs and hold them until their owners claim them, or to re-home them, and is a proper entity to be sued under 42 U. S. C. 1983.

13. Defendant City Rockport is properly sued directly under 42 U. S. C. 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiesce and internal failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

14. The Defendant City Rockport is also properly sued under 42 U. S. C. 1983 for the challenged delegated final decisions of Defendant Shelly Butler in her official capacity as the Director of the PAWS Animal Adoption Center, and for those of any other final decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages, and practices.

15. Defendant City Rockport of Knox county is a Maine municipal corporation and is the legal entity responsible for itself and for Knox county court. This Defendant City is a proper entity to be sued under 42 U. S. C. 1983

16. The Defendant City is also sued for the challenged delegated decisions of Defendant Acadia Insurance, in its official capacity as the insurance company representing PAWS Animal Adoption Center, with respect to hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

17. At all times relevant hereto **Defendant Attorney Jon Liberman** is a citizen of the United States and a resident of Maine and was acting under color of state law in his capacity as the attorney for PAWS Adoption Center, 123 John Street, Camden Maine 04843. Defendant Jon Liberman is sued in his official capacity.

18. As an Attorney for PAWS Adoption Center, Defendant Jon Lieberman has both exercised and delegated PAWS Animal Adoption Center's final decision making power. Furthermore, on information and belief, he has purposefully collaborated with Acadia Insurance to depose Plaintiff for seven hours, sic a private investigator on her friends, and require 10 years of tax returns and 10 years of medical records, etc all unrelated to this case, but causing this case to draw on over two and a half years, and counting, a moving force to making Plaintiff completely bereft of funds and still now without any timely hope of closure.

19. At all times relevant hereto **Defendant Attorney Greg Patient** is a citizen of the United States and a resident of Maine and was acting under color of state law in his capacity as the attorney for PAWS Adoption Center, 123 John Street, Camden Maine 04843. Defendant Greg Patient is sued in his official capacity.

20. As Corporate Counsel for PAWS Adoption Center, Defendant Greg Patient has both exercised and delegated PAWS Animal Adoption Center's final decision making power. Furthermore, on information and belief, he has purposefully collaborated with Acadia Insurance to depose Plaintiff for seven hours, sic a private investigator on her friends, and require 10 years of tax returns and 10 years of medical records, etc, all unrelated to this case, but causing this suit to draw on over two and a half years, and counting, a moving force to making Plaintiff completely bereft of funds and still now without any timely hope of closure.

21. At all times relevant hereto **Defendant Attorney Rick J. Rubin** a citizen of the United States and a resident of Maine and was acting under color of state law in his capacity as Corporate Counsel for PAWS Adoption Center, 123 John Street, Camden Maine 04843. Defendant Rick J. Rubin is sued in his official capacity.

22. As Corporate Counsel for PAWS Adoption Center, Defendant Attorney Rick J. Rubin has both exercised and delegated PAWS Animal Adoption Center's final decision making power. Furthermore, on information and belief, he has purposefully collaborated with Acadia Insurance to depose Plaintiff for seven hours, sic a private investigator on her friends, and require 10 years of tax returns and 10 years of medical records, etc, all unrelated to this case, but causing this suit to draw on over two and a half years, and counting, a moving force to making Plaintiff completely bereft of funds and still now without any timely hope of closure.

23. At all times relevant hereto **Defendant's Insurance Company Acadia Insurance** is an American company with a base in Maine, 250 County rd Westbrook ME 04092, and is acting under color of law by representing and defending PAWS Animal Adoption Center. Acadia Insurance is sued in its official capacity.

24. As the Insurance company representing PAWS Adoption Center, Defendant Acadia Insurance has both exercised and delegated their final decision making power. Furthermore, on information and belief, Acadia Insurance representatives have purposefully collaborated with PAWS attorneys to depose Plaintiff for seven hours, sic a private investigator on her friends, and require 10 years of tax returns and 10 years of medical records, etc all unrelated to this case, but causing this suit to draw on over two and a half years, and counting, a moving force to making Plaintiff completely bereft of funds and still now without any timely hope of closure.

25. At all times relevant hereto **Defendant Acadia Insurance executive Ellen Bois** is a citizen of the United States and resident of Maine and was acting under color of state law in her capacity as the insurance agent for PAWS Adoption Center, 123 John Street, Camden Maine 04843. Defendant Ellen Bois is sued in her official capacity as the insurance agent representing PAWS Animal Adoption Center, and acted under the guidelines of Acadia Insurance Company.
(Policy CPA 5147562-18), (Claim PC 233712)

26. As the Insurance representative for PAWS Adoption Center, Defendant Ellen Bois has both exercised and delegated their final decision making power. Furthermore, on information and belief, she has purposefully collaborated with PAWS Attorneys to depose Plaintiff for seven hours, sic a private investigator on her friends, and require 10 years of tax returns and 10 years

of medical records, etc, all unrelated to this case, but causing this suit to draw on over two and a half years, and counting, a moving force to making Plaintiff completely bereft of funds and still now without any timely hope of closure.

27. At all times relevant hereto **Defendant Acadia Insurance executive Estelle Cantanese** is a citizen of the United States and resident of Maine and was acting under color of state law in her capacity as the insurance agent for PAWS Adoption Center, 123 John Street, Camden Maine 04843. Defendant Ellen Bois is sued in her official capacity as the insurance agent representing PAWS Animal Adoption Center, and acted under the guidelines of Acadia Insurance Company. (Policy CPA 5147562-18), (Claim PC 233712)

28. As the Insurance representative for PAWS Adoption Center, Defendant Estelle Cantanese has both exercised and delegated their final decision making power. Furthermore, on information and belief, she has purposefully collaborated with PAWS attorneys to depose Plaintiff for seven hours, sic a private investigator on her friends, and require 10 years of tax returns and 10 years of medical records, etc, all unrelated to this case, but causing this suit to draw on over two and a half years, and counting, a moving force to making Plaintiff completely bereft of funds and still now without any timely hope of closure.

## IV.  STATEMENT OF FACTS

29. Plaintiff incorporates all of the preceding paragraphs, including the allegations and documents in the Introduction, as if they were fully set forth again at this point.

30. (Ms.) Tiger (Exhibit A.), doing all business and banking under her pen name Eva Morris, organizes 'BestLit Review' literary events and Hunter S. Thompson tribute events. (Exhibit C.) When in Maine she rents accommodations and uses a P.O box for business.

31. In 2021 she was given a beautiful male Black/Tan Bloodhound that needed a good home. His name at the time was Rambo, but was changed to Fabio, subsequently reflected on his vet statements (Exhibit D.), and vaccination records (Exhibit E.).

32. On Feb 7 2022 Fabio accidentally got loose. He was picked up by PAWS Animal Adoption Center. They posted a picture, saying, "very friendly guy now safe at PAWS!" (Exhibit F.)

33. On Feb 8 2024 Plaintiff went to PAWS to retrieve her dog. She brought with her his vet and vaccination records. PAWS however refused to release him. PAWS told her that she needed more documentation. Meanwhile, PAWS posted a Facebook post claiming that Fabio would be "re-homed/sold locally." That same day, upon information and belief on the basis of this information PAWS accused her of "animal trafficking"; PAWS Manager Meghan Austin even made a false report to the Camden Police Department. (As Tiger is not an animal trafficker, she was not summonsed for any violations after speaking with the Camden PD.) After all this run-around, Tiger was forced to leave PAWS Animal Adoption Center without her dog.

34. The following morning she returned with more documentation,
    1. Vet records from her vet and from the previous owners vet,

    2. Proof of up-to-date vaccinations from both vets,
    3. Purebred Bloodhound registration (Exhibit G.),
    4. A letter from the previous owner gifting Rambo/Fabio to Tiger (Exhibit H.),
    5. Pictures of Fabio at play with his mate Dulci. (Exhibit I.)

35. Vet records from her vet were under her company's name, Tiger Publishing. PAWS representatives told her that the documentation was thus unacceptable. In addition to continuing to refuse to return her dog, they intentionally caused her stress and anguish, telling her that Fabio was stressed because he was a large dog being kept in a small cage, and that he would be stuck in that small kennel for months before anyone adopted him.

36. On Feb 10 2024 friends David Coombs and Joyce Mohr personally went to PAWS to vouch for Tiger, and told PAWS they had first-hand knowledge that Fabio was her dog. Joyve Mohr also mailed a letter to that effect (Exhibit J.) PAWS still refused to release Fabio to his owner.

37. Between Feb 10 and Feb 14 Tiger sent multiple emails to PAWS trying to provide them with any documentation they needed. Furthermore, many people who knew this was her dog sent multiple messages on Facebook corroborating that Fabio belonged to her. The hashtag #FreeFabio was created in hopes of helping, but still PAWS refused to return Fabio to her.

38. On Tuesday Feb 15 Plaintiff returned to PAWS and met with the Director Shelly Butler, Manager Meghan Austin, and Assistant Stephanie. This meeting was recorded without her knowledge of permission. (An audio recording is Exhibit K.) During this entire meeting, Plaintiff was composed, polite, and made good faith efforts to jump through all the hoops that were being presented to her. On the other hand, Shelly Butler was rude, condescending, and openly confrontational; a bully. She disregarded all the documents Tiger gave her. Furthermore, every time she did meet one of the demands, Shelly created new demands that she claimed Tiger was "required" to comply with.

39. First Shelly asked for updated medical records, although she had all the vet records that existed- including those from Fabio's former owner. Tiger explained that vet records were under her company name -Tiger Publishing. She also provided corroborating bank statements showing payment for the vet bills some under 'Tiger DBA Eva Morris' (Exhibit L.) Shelly however could not grasp this. "I'm a book writer, I do all my business under Eva Morris," Tiger explained, but Shelly interrupted her saying "Fantastic. Were just here for the dog." Shelly disregarded the explanation regarding her name, "We're not talking about business, we're talking about legal ownership of an animal."

40. Tiger then presented photographs she had taken of Fabio and his mate Dulci. Shelly and Meghan looked at the pictures but decided they were also unsatisfactory. "I need pictures of you with the animal, pictures of animals everybody has." Tiger proceeded to show her a picture of her with Fabio. (Exhibit M.) Shelly replied "This is the first picture we have seen with you and your dog," thereby acknowledging that Tiger had proven that Fabio was her dog.

41. Tiger then showed Shelly the email previous owner Crystal had written, verifying she would be the new owner; Shelly's curt response was "Anyone can write an email."

42. After this long discussion of documents Shelly appeared to acknowledge that Fabio was in fact her dog, but then Shelly told her she could not have Fabio back until he was licensed. Shelly asked if she lived in Camden, she said no, she lived in Arkansas but was staying in Camden on business. Shelly asked if she had an address, and a P.O. box, Tiger answered yes.

43. On multiple occasions Shelly claimed that PAWS legally owned the dog and could do what it wanted with Fabio.

44. At this point Tiger realized it was going to be impossible for her to get her dog back from PAWS. She left the building in tears. As she was leaving Shelly said, "If you walk out the door you are abandoning your dog at this Animal Shelter and we will take possession today, and move forward."

45. Tiger, in overwhelming emotional distress, could no longer function, was unable to work, unable to focus on business and found herself suddenly without a support-dog, a companion she'd spent every day and night with. She had no choice but to bid goodbye to her authors (affecting future income), quit work and teaching, relinquish housing, and at a loss and in tears, leave Maine.

46. On June 23 2022 she filed a small claims action against PAWS Animal Adoption Center, from Arkansas, seeking the return of Fabio. It was after filing and funding this lawsuit that she was informed by her attorney Chris McLean that Fabio had been dumped at Animal Refuge League, a kill-shelter hours from Camden, in Westbrook Maine, where he was set to be euthanized that coming weekend. Fabio had been adopted out by PAWS more than once. PAWS had neutered him, devaluing a purebred Bloodhound worth thousands of dollars, and despite proof of vaccinations re-administered multiple vaccinations that he didn't need, and they made him hyper-aggressive, a three-time biter. As a result of the biting the people who adopted him returned him. At the Animal Refuge League Fabio had also bitten people and attacked a staff person, so the shelter set a date to euthanize him. Let it be known that Fabio had never bitten anyone before PAWS took him.

47. Fortunately, Tiger's representation Attorney Chris McLean was able to reach the shelter in August 2022. They were willing to return him for $3,000 in fees. Patsy Murphy, the point of contact at the Animal Refuge League stated that when they took possession of Fabio, PAWS never told them that his ownership was in dispute or even that there was anyone claiming ownership. The Animal Refuge League was shocked that his owner existed and appeared to feel betrayed by PAWS.

48. Joyce Mohr, Tiger's friend, drove to Portland to retrieve Fabio, brought him to her home, had him boarded and licensed in Rockport. (Exhibit N.) Tiger drove up and was finally reunited with him. Joyce stated that "Fabio was a shell of his former self," exhibiting no eye contact and not receptive to physical affection. He was small, skinny and very sad. (Exhibit O.)

49. In Colorado, where Tiger was on location writing a book, Fabio, a changed dog, now had a bite history, which would affect his ability to travel or be with people. He now required special training, and was excluded from traditional daycare or overnight kennels. Fabios disposition now affected Plaintiffs housing, and made her extremely cautious around him: in fact Fabio could no longer be considered her support dog. In Colorado, Fabio viciously attacked Tiger, causing deep permanent facial scarring and damage to her hand and arm. (Exhibit P.)

50. Tiger and Fabio have an especially strong bond. The amount of emotional trauma that she, and her dog, endured at the hands of PAWS Animal Adoption Center cannot be overstated. She was treated with hostility and disrespect by the PAWS staff. Additionally PAWS staff relied on unfounded allegations to keep her dog, and even maliciously and baselessly made false allegations to the Camden Police Department. Worse of all, the meeting between PAWS and Tiger on Feb 15 2022 showed the PAWS Director and management, both working for PAWS which was working for the municipality of Camden, to be outrageously condescending, flippant and rude. And to the very end, they continued to refuse to return Fabio to her.

51. Moreover, PAWS employees made Tiger's anguish worse during all of these interactions by telling her how poorly her dog was doing. They expressed he was suffering, that he would become lame, then had become lame, had contracted a life-long disease at PAWS, and that because he was a big dog it would take a long time to get him adopted- all the while keeping him in a small kennel. This was distressing to Tiger because she didn't want him adopted -he was her dog – and also because she did not want to think of him, a 100lb Bloodhound, being stuffed in a cage. Even after reuniting with Fabio, anyone knowing this situation knows that Fabio has experienced abuse and trauma and will never be the same again. Three articles appear in the local press. (Exhibit Q.) This knowledge is collaborated by her Veterinarian, who understands that Fabio will never return to be the fine animal he once was. (Exhibit R.)

52. PAWS Animal Adoption withholding of Fabio from Tiger was both intentional, negligent and illegal. This sad story represents a gross abuse of its power. From the beginning, PAWS had no right to withhold Fabio from his owner. PAWS Animal Adoption Center, its Director, Management and staff showed actual malice and ill will, with the clear intent to significantly and spitefully harm and attack both Plaintiff and her dog Fabio.

53. As a direct and proximate result of the wrongful conduct of PAWS Animal Adoption Center, its Director management and employees, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, aggravation of preexisting conditions, financial difficulties, damage to career and ongoing damages due to trauma-related conditions caused by the unconstitutional and moving forces concerted conduct of all these defendants.

**V. CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
**42 U.S.C. 1983**

**Due Process in violation of the Fourth and Fourteenth Amendments**
(Against Defendants PAWS Animal Adoption Center, Director Shelly Butler, Manager Meghan Austin, Attorney Jon Liberman, Attorney Greg Patient and Attorney Rick Rubin, Acadia Insurance, and Acadia Insurance executives Ellen Bois, Estelle Cantanese)

54. Plaintiff hereby incorporates all other paragraphs of complaint as if fully set forth herein.

55. 42 U. S. C. 1983 provides that:
    **Every person, who under color of any statue, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or communities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriated proceeding for redress …**

56. Plaintiff in this action is a citizen of the United States and all of the Defendants in this claim are persons for purposes of 42 U. S. C. 1983.

57. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as employees or business partners with PAWS Animal Adoption Center, which had a long-term government contract for animal control with the municipality of Camden, and their acts or omissions were conducted within the scope of their official duties or employment.

58. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure without due process of law.

59. Plaintiff also had the clearly established constitutional right under the Fourteenth Amendment to be free of debridement of life, liberty or property without due process of law.

60. Any reasonable employee contracting with the municipality, attorney or insurance representative would know or should have known of these rights at the time of complained of conduct as they were clearly established at that time.

61. Defendants' actions and violation of due process in violation of the Fourth and Fourteenth amendments, as described herein, were objectively unreasonable in lights of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

62. Defendants PAWS, Butler and Austin unlawfully seized Fabio the Bloodhound by means of objectively unreasonable, excessive and conscious shocking lack of due process, thereby unreasonably depriving Plaintiff of her constitutional right to due process.

63. None of the Defendants specifically PAWS attorneys and insurance representatives took reasonable steps to protect plaintiff from the objectively unreasonable and conscious shocking

lack of due process perpetrated by the other Defendants despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscious deprivation of due process.

64. Defendants all engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Tiger's federally protected constitutional rights.

65. They did so with shocking and willful indifference to Plaintiffs rights and maintained conscious awareness that they were causing Plaintiff severe emotional and financial injuries.

66. The acts and omissions of all individual Defendants were moving forces behind Plaintiffs injuries.

67. These individual Defendants acted in concert and joint action with each other.

68. The acts and omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

69. None of these individual Defendants are entitled to qualified immunity for the complained conduct.

70. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

71. As a proximate result of Defendants unlawful conduct, Plaintiff has suffered actual physical, emotional and financial injuries, and other damages and losses ass described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants unlawful conduct, Plaintiff has incurred special damages including animal-related expenses and will continue to incur further medical and other special damage related expenses in amounts to be established at trial.

72. On information and belief, Plaintiff will suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of injuries and damages in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys fees and costs pursuant to 42 U.S.C. 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

73. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. 1983, that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. 1983**

**Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments**
(Against Defendants PAWS Animal Adoption Center, Director Shelly Butler, Manager Meghan Austin, Attorney Jon Liberman, Attorney Greg Patient and Attorney Rick Rubin, Acadia Insurance, and Acadia Insurance executives Ellen Bois and Estelle Cantanese)

74. Plaintiff hereby incorporates all other paragraphs of complaint as if fully set forth herein.

75. 42 U. S. C. 1983 provides that:
   **Every person, who under color of any statue, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or communities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriated proceeding for redress …**

76. Plaintiff in this action is a citizen of the United States and all of the Defendants in this claim are persons for purposes of 42 U. S. C. 1983.

77. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as employees or business partners with PAWS Animal Adoption Center, which had a long-term government contract for animal control with the municipality of Camden, and their acts or omissions were conducted within the scope of their official duties or employment.

78. At the time of the complained of events, Plaintiff had a clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment

79. Any reasonable representative of a public-oriented non-profit organization contracted with the municipality for its services should have known of these rights at the time of the complained of contract, as they were clearly established at that time.

80. Individual Defendants violated Ms. Tiger's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against her, resulting in this unlawful prosecution.

81. Individual Defendants conspired and/or acted in concert to institute and proceed with criminal proceedings against Tiger for 'Animal Trafficking' without probable cause.

82. Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Tiger's federally protected constitutional rights.

83. The procurement of prosecution against Ms Tiger for the known to be false allegations of Animal Trafficking were malicious, shocking, and objectively unreasonable in light of the circumstances.

84. Defendants exhibited actual malice and ill will with an intent to significantly and spitefully harm and attack her reputation.

85. The acts and omissions of all individual Defendants were moving forces behind Plaintiffs injuries. These individual Defendants acted in concert and joint action with each other.

86. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights, and caused her other damages.

87. Defendants are not entitled to any qualified immunity for the complained of conduct.

88. The Defendants to this claim at all times relevant hereto were not acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit usage, or practice in its actions pertaining to Plaintiff.

89. As a proximate result of Defendants unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and loses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of Defendants unlawful conduct, Plaintiff has occurred special damages and will continue to incur special damages related expenses, in amounts to be established at trial.

90. On information and belief, Plaintiff has suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequela of injuries and damages, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys fees and costs pursuant to 42 U.S.C. 1988 pre-judgement interest and costs as allowable by law. There may also be special damages for lien interests.

91. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully, and with reckless or wanton disregard of the constitutional rights of Plaintiff.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. 1983
### Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments
(Against Defendants PAWS Animal Adoption Center, Director Shelly Butler, Manager Meghan Austin, Attorney Jon Liberman, Attorney Greg Patient and Attorney Rick Rubin, Acadia Insurance, and Acadia Insurance executives Ellen Bois and Estelle Cantanese)

92. Plaintiff hereby incorporates all other paragraphs of complaint as if fully set forth herein.

93. 42 U. S. C. 1983 provides that:

**Every person, who under color of any statue, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or communities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriated proceeding for redress …**

94. Plaintiff in this action is a citizen of the United States and all of the Defendants in this claim are persons for purposes of 42 U. S. C. 1983.

95. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as employees, business partners or collaborators with PAWS Animal Adoption Center, which had a long-term government contract for animal control with the municipality of Camden, and their acts or omissions were conducted within the scope of their official duties or employment.

96. Plaintiff had the following clearly established rights at the time of the complained of conduct:
      a. the right to be free from malicious prosecution, under the Fourth and Fourteenth Amendment,
      b. the right to be protected from deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourth and Fourteenth Amendments,
      c. the right to be safe from the right to be free of debridement of life liberty or property without die process of law, under the Fourth and Fourteenth Amendment.

97. Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

98. The acts or omissions of these Defendants as described herein, deprived Ms. Tiger of her constitutional and statutory rights and caused her other damages.

99. Defendants are not entitled to any qualified immunity for the complained of conduct.

100. Defendants PAWS, Director Butler and Manager Austin were, at all times relevant, policymakers for the Municipality of Camden Animal Control, and in that capacity established policies, procedures, customs, and/or practices for the same.

101. These Defendants developed and maintained policies, procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Ms. Tiger's constitutional and federal rights as set fort herein and in other claims, resulting from a conscious or deliberate choice to follow a course of action from among various available alternatives.

102. Defendants PAWS Animal Adoption Center, Director Butler and Manager Austin have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing animal control customs, policies, procedures, customs, practices and/or failed to

properly train and/or supervise its officers in a manner amounting to deliberate interferrenceo the constitutional rights of Plaintiff and of the public.

103. The deliberately indifferent training and supervision provided by Defendant City and Defendant PAWS and Director Butler and Manager Austin resulted from a conscious or deliberate choice to follow a course of action from among many various alternatives available to Defendant City and PAWS Defendants were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

104. As a direct result of Defendants unlawful conduct, Plaintiff has suffered actual physical, economic and emotional injuries, and other damages and loses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants unlawful conduct, Plaintiff has incurred special damages, and will continue to incur further damage-related expenses, in amounts to be established at trial.

105. On information and belief, Plaintiff will suffer lost future earnings and impaired earnings capacities from the not fully ascertained sequelae of injuries and damages, in amounts to be ascertained at trial. Plaintiff is further entitled to attorneys fees and costs pursuant to 42 U.S.C. 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

**106. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. 1983 to redress Defendants above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the Defendant City of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.**

**FOURTH CLAIM FOR RELIEF**
**42 U.S.C. 1983**
**Gross Negligence**

(Against Defendants PAWS Animal Adoption Center, Director Shelly Butler, Manager Meghan Austin, Municipality of Camden)

107. Plaintiff hereby incorporates all other paragraphs of complaint as if fully set forth herein.

108. 42 U. S. C. 1983 provides that:
    **Every person, who under color of any statue, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or communities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriated proceeding for redress …**

109. Plaintiff in this action is a citizen of the United States and all of the Defendants in this claim are persons for purposes of 42 U. S. C. 1983.

110. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in its government capacity to collect stray animals.

111. Plaintiff had the following clearly established rights at the time of complained of conduct:
   a. the right to be free from malicious prosecution, under the Fourth and Fourteenth Amendment,
   b. the right to be protected from deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourth and Fourteenth Amendments,
   c. the right to be safe from the right to be free of debridement of life liberty or property without due process of law, under the Fourth and Fourteenth Amendment.

112. Defendants knew or should have known of these rights at the time of complained of conduct as they were clearly established at that time.

113. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her emotional distress and other damages.

114. Defendants are not entitled to any qualified immunity for the complained of conduct.

115. Defendants PAWS, Butler, Austin, Defendant City were at all times relevant policymakers for PAWS Animal Adoption Center and in that capacity established policies, procedures, customs, and or practices for the same. Thus PAWS et all had a duty to Plaintiff to ensure the safety and well-being of her dog, and Defendants breached that duty, failing to conform to a reasonable standard of conduct, which in the resultant grossly negligent tragedy which was their fault which resulted in the injuries to Plaintiff and her dog. Thus the deliberate, reckless actions of PAWS, its Director, management, and Defendant City were the sole cause of harm to Plaintiff, who was indeed harmed and physically damaged as result.

116. Furthermore, the failure to guard against mental and physical damage to Fabio the Bloodhound, and neutering him without permission constitutes professsional negligence which contributed to Plaintiffs injuries, and PAWS et all is solely liable.

117. These Defendants developed and maintained business policies, procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of Mid-coast Maine citizens, which were moving forces behind and proximately caused the violations of Ms. Tigers constitutional and federal rights as set forth herein and in other claims, all resulting from a conscious or deliberate choice to follow a reckless course of action from among various available alternatives.

118. Defendants created and tolerated an atmosphere of lawlessness and have developed and maintained long-standing animal control customs, policies, procedures, and/or failed to properly

train and/or supervise its officers/employees in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

119. Defendants owes a duty of reasonable care to the Plaintiff and her pet while he was housed at PAWS. By failing to take reasonable steps to insure the animals security and maintain it properly Defendants are entirely liable for this deliberate, reckless situation and the results of it.

120. As a direct result of Defendants unlawful conduct, Plaintiff has suffered actual physical, economic and emotional injuries, and other damages and loses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants unlawful conduct in performing their duties, Plaintiff has incurred special damages, and will continue to incur further damage-related expenses, in amounts to be established at trial.

121. On information and belief, Plaintiff will suffer lost future earnings and impaired earnings capacities from the not fully ascertained sequelae of injuries and damages, in amounts to be ascertained at trial. Plaintiff is further entitled to attorneys fees and costs pursuant to 42 U.S.C. 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

**122. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. 1983 to redress Defendants above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the PAWS Defendants and Defendant City for failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.**

**FIFTH CLAIM FOR RELIEF**
**42 U.S.C. 1983**
**Fraud**

(Against Defendants PAWS Animal Adoption Center, Director Shelly Butler, Manager Meghan Austin, Attorney Jon Liberman, Attorney Greg Patient and Attorney Rick Rubin, Acadia Insurance, and Acadia Insurance executives Ellen Bois and Estelle Cantanese)

123. Plaintiff hereby incorporates all other paragraphs of complaint as if fully set forth herein.

124. 42 U. S. C. 1983 provides that:
**Every person, who under color of any statue, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or communities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriated proceeding for redress …**

125. Plaintiff in this action is a citizen of the United States and all of the Defendants in this claim are persons for purposes of 42 U. S. C. 1983.

126. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as employees or business partners with PAWS Animal Adoption Center, which had a long-term government contract for animal control with the municipality of Camden, and their acts or omissions were conducted within the scope of their official duties or employment.

127. Plaintiff had the following clearly established rights at the time of complained of conduct:
   a. the right to be free from malicious prosecution, under the 4th and 14th Amendment,
   b. the right to be protected from deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourth and Fourteenth Amendments,
   c. the right to be safe from the right to be free of debridement of life liberty or property without die process of law, under the Fourth and Fourteenth Amendment.

128. Defendants knew or should have known of these rights at the time of complained of conduct as they were clearly established at that time.

129. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

130. Defendants are not entitled to any qualified immunity for the complained of conduct.

131. Defendants PAWS, Director Butler and Manager Austin were, at all times relevant policymakers for the Municipality of Camden Animal Control, and in that capacity established policies, procedures, customs, and/or practices for the same. PAWS Defendants had a duty to conform to a reasonable standard of conduct, specifically to protect its animals, to not neuter without permission, to keep them from contracting diseases on premises, to house them properly, to not stress them into becoming vicious, to not re-home them multiple times, to not hide them at different shelters, to fully disclose claims of ownership, and to promptly return animals to their rightful owners in good condition; to not do so is fraudulent business practices.

132. These Defendants developed and maintained policies, procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set fort herein and in other claims, resulting from a conscious or deliberate choice to follow a course of action from among various available alternatives.

133. Defendants PAWS Animal Adoption Center, Director Butler and Manager Austin have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing animal control customs, policies, procedures, customs, practices and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

134. Defendants owe a duty of reasonable care to animals under its control. The deliberately indifferent training and supervision provided by Defendant City and Defendant PAWS and Director Butler and Manager Austin resulted from a conscious or deliberate choice to follow a course of action from among many various alternatives available to Defendant City and PAWS Defendants were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

135. As a direct result of Defendants unlawful conduct, Plaintiff has suffered actual physical, economic and emotional injuries, and other damages and loses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants unlawful conduct, Plaintiff has incurred special damages, and will continue to incur further damage-related expenses, in amounts to be established at trial.

136. On information and belief, Plaintiff will suffer lost future earnings and impaired earnings capacities from the not fully ascertained sequelae of injuries and damages, in amounts to be ascertained at trial. Plaintiff is further entitled to attorneys fees and costs pursuant to 42 U.S.C. 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

**137. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. 1983 to redress Defendants above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the Defendant City of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.**

## VI. PRAYER FOR RELIEF

138. Plaintiff prays that this court enter judgment for the Plaintiff and against each of the Defendants and grant:

> A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, fines, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;
> B. economic loses on all claims allowed by law;
> C. special damages in an amount to be determined at trial;
> D. punitive damages on all claims allowed by law against individual Defendants, in an amount to be determined at trial;
> E. attorney's fees and the costs associated with this action under 42 U.S.C. 1983, including expert witness fees, on all claims allowed by law,
> F. pre- and post-judgment interest at the lawful rate; and,
> G. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this \\th day of Oct., 2024

_____
**Plaintiff:** (Ms.) Tiger
c/o Camp Tiger Writers Retreat
P.O. 16, Hardy AR 72542
tigerpublishing@outlook.com
(772) 217-7070

**Defendants:**
PAWS Animal Adoption Center
123 John Street, Camden ME 04843
(207) 236-8702  pawscares.org

PAWS Animal Adoption Center Director Shelly Butler
123 John Street, Camden ME 04843/5 Harden Avenue, Camden MA 04843
(207) 236-8702  pawscares.org

PAWS Animal Adoption Center Manager Meghan Austin
123 John Street, Camden ME 04843/60 Jefferson Street, Waldoboro ME
(207) 236-8702  pawscares.org

Municipality of Rockport Maine (rockportmaine.gov)

PAWS Attorney Jon Liberman (Bar No. 4176)
Judy Metcalf Law
76 Union Street Brunswick ME 04011
(207) 721-2200 jon@judymetcalflaw.com

PAWS Attorney Gregory Patient (Bar No. 9943)
Judy Metcalf Law
76 Union Street, Brunswick ME 04011
(207) 721-2200  greg@judymetcalflaw.com

Corporate Counsel for PAWS Attorney Rick J. Rubin
Law Office of Rick J. Rubin

Acadia Insurance executive Ellen Bois, Senior Claims Representative
One Acadia Commons/P.O 9010 Westbrook ME 04098
ellen.bois@acadia-ins.com

Acadia Insurance Estelle Cantanese, Claims Representative
One Acadia Commons/P.O 9010 Westbrook ME 04098
estelle.cantanese@acadia-ins.com